UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Robert Harvie Payne, *a/k/a Robert H. Payne*, | ) ) ) |
| Plaintiff, | ) C/A No. 2:11-2125-DCN-KFM ) ) |
| vs. | ) **Report and Recommendation** ) |
| Ira Grossman; Harry Sewell; and Town of Mt. Pleasant, S.C., | ) ) ) ) |
| Defendants. | ) |

This is a civil action filed *pro se* by a local detention center inmate.[1] Plaintiff is currently confined at the Charleston County Detention Center pending trial on undisclosed criminal charges. In the Complaint submitted in this case, Plaintiff claims that Defendant Grossman, a prosecutor for the town of Mt. Pleasant; Harry Sewell, who is Chief of the Mt. Pleasant Police Department; and the town of Mt. Pleasant "brought Plaintiff to municipal court and informed him that the municipal charges would not be scheduled on the municipal court docket until the outcome of the general sessions charges were determined." Complaint at 3. Plaintiff alleges he has filed a motion for a speedy trial and that he is being held on excessive bail. Plaintiff seeks a jury trial, actual and punitive damages, and costs and fees.

Under established local procedure in this judicial district, a careful review has been made of Plaintiff's *pro se* Complaint filed in this case. *Pro se* complaints are held to

---

[1] Pursuant to 28 U.S.C. §636(b)(1), and D.S.C. Civ. R. 73.02(B)(2)(e), this magistrate judge is authorized to review all pretrial matters in such *pro se* cases and to submit findings and recommendations to the District Court. *See* 28 U.S.C. § § 1915(e); 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89 (2007). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. *De'Lonta v. Angelone*, 330 F. 3d 630, 630n.1 (4th Cir. 2003). Nevertheless, the requirement of liberal construction does not mean that this Court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990). However, even under this less stringent standard, the Complaint filed in this case is subject to summary dismissal under the provisions of 28 U.S.C. § 1915(e)(2)(B).

Initially, to the extent that Plaintiff is requesting that his bail be lifted or that the amount of his bail be changed, he is requesting injunctive relief, which is barred by the doctrine established in *Younger v. Harris*, 401 U.S. 37 (1971) and its progeny. *Younger* and other cases hold that, absent extraordinary circumstances, federal courts are not authorized to interfere with a state's pending criminal proceedings. *See, e.g., Younger*, 401 U.S. at 44; *Harkrader v. Wadley*, 172 U.S. 148, 169-70 (1898); *Cinema Blue of Charlotte, Inc. v. Gilchrist*, 887 F.2d 49, 50-53 (4th Cir. 1989).

In *Cinema Blue of Charlotte, Inc. v. Gilchrist*, the Fourth Circuit Court of Appeals ruled that federal district courts should abstain from constitutional challenges to state judicial proceedings, no matter how meritorious, if the federal claims have been or could be presented in an ongoing state judicial proceeding. 887 F.2d at 52. Also, the Anti-

Injunction Act, 28 U.S.C. § 2283, expressly prohibits this Court from enjoining such proceedings. *See also D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983) (federal courts cannot review state court proceedings in an appellate sense); *Gurley v. Superior Court of Mecklenburg County*, 411 F.2d 586, 587-88 (4th Cir. 1969)(federal courts may not issue writs of mandamus against state courts); *Craigo v. Hey*, 624 F. Supp. 414 (S.D.W. Va. 1985) (same).  Plaintiff is not foreclosed from raising his excessive bail claim and having it ruled upon by the state court judge in his on-going state criminal prosecution.

Furthermore, although there is authority under which a court may stay any potentially viable damage claims even though connected injunctive and declaratory relief claims are barred by *Younger*, *see, e.g.*, *Traverso v. Penn*, 874 F.2d 209, 213 (4th Cir. 1989), this case should not be stayed because no potentially viable damage claims are stated as to any Defendant.  To the extent that Plaintiff seeks damages from Defendant Grossman, a Mt. Pleasant prosecutor, his suit is barred by the doctrine of prosecutorial immunity.  Absolute immunity "is available for conduct of prosecutors that is 'intimately associated with the judicial phase of the criminal process.'" *See Buckley v. Fitzsimmons*, 509 U.S. 259 (1993*)* (citing *Imbler v. Pachtman,* 424 U.S. 409, 430 (1976)).  In this Circuit, it is well settled that prosecutors are absolutely immune from liability for damages based on their decisions about "whether and when to prosecute." *Lyles v. Sparks*, 79 F. 3d 372, 377 (4th Cir. 1996). *See also Springmen v. Williams*, 122 F. 3d 211, 212-13 (4th Cir. 1997).

Also, Plaintiff's allegations fail to a state a viable claim for damages against Defendant Sewell, the Chief of the Mt. Pleasant Police Department.  Defendant Sewell cannot be held liable under § 1983 (or any other federal law) for damages to Plaintiff

arising from his confinement or the from the pending criminal prosecution because there are no allegations showing that he was personally involved in Plaintiff's arrest or in the bail decision that resulted in Plaintiff's continuing incarceration. The fact that he might have ultimate supervisory authority over the operations of the Mt. Pleasant Police Department is not sufficient to impose § 1983 liability.

Although there is a limited exception to the prohibition against imposing liability on supervisory personnel in § 1983 cases under the doctrines of respondeat superior or vicarious liability, which has been enunciated in cases such as *Slakan v. Porter*, 737 F.2d 368, 370-75 (4th Cir. 1984), that exception does not operate to save the damage requests in Plaintiff's Complaint from summary dismissal as to Defendant Sewell. The *Slaken* exception is not adequately pled in this case, even under a very liberal construction of Plaintiff's allegations, because, as previously noted, there are no allegations that Defendant Sewell was personally aware of any allegedly unconstitutional activities. Indeed, there are no specific allegations against Defendant Sewell at all, in any portion of the Plaintiff's Complaint. Thus, Plaintiff has not alleged any "pervasive and unreasonable risk of harm from some specified source . . . " nor has he alleged that Sewall's "corrective inaction amounts to deliberate indifference or 'tacit authorization of the offensive [practices],' " 737 F.2d at 373, as required to state a viable claim of supervisory liability in § 1983 cases. *See Shaw v. Stroud*, 13 F.3d 791 (4th Cir. 1994). Since there are no allegations of any individual wrongdoing or potential supervisory liability for anyone else's wrongdoing on Defendant Sewall's part, no viable claim for damages is stated against this Defendant.

4

Additionally, no viable claim for damages is stated against Defendant Town of Mt. Pleasant. A claim for relief under § 1983 must sufficiently allege that the plaintiff was injured by "the deprivation of any [of his or her] rights, privileges, or immunities secured by the [United States] Constitution and laws" by a "person" acting "under color of state law." *See* 42 U.S.C. § 1983; *Monell v. Dep't. of Soc. Serv.*, 436 U.S. 658, 690 & n.55 (1978) (noting that for purposes of § 1983 a "person" includes individuals and "bodies politic and corporate"); *see generally* 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1230 (2002). It is well settled that only "persons" may act under color of state law; therefore, a defendant in a § 1983 action must qualify as a "person."

A municipality, however, may not be held liable solely because it employs a tortfeasor. Plaintiff must identify a municipal "policy or custom" that caused plaintiff's injury. If a custom that has not been formally approved by a municipality is widespread then a municipality may be subject to liability if the practice has the force of law. The plaintiff must also demonstrate that, through its deliberate conduct, the municipality was the "moving force" behind the injury alleged. *See Los Angeles County v. Humphries*, 131 S.Ct. 447 (2010) (local governing bodies can be sued directly under §1983, regardless of relief sought, where the action that is alleged to be unconstitutional implements or executes a policy or custom). Here, Plaintiff has failed to make such a showing, as Plaintiff has not identified any policy or custom of the Town that would have caused Plaintiff's alleged injuries. Consequently, the Town of Mt. Pleasant cannot be held liable for damages under § 1983 (or any other federal law) because it was not responsible for the alleged violations of Plaintiff's rights during the relevant times at issue in this case.

## **Recommendation**

Accordingly, it is recommended that the District Court dismiss the Complaint in this case without prejudice.

s/ Kevin F. McDonald  
United States Magistrate Judge

August 30, 2011  
Greenville, South Carolina

***Plaintiff's attention is directed to the important notice on the next page***.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Larry W. Propes, Clerk**
**United States District Court**
**300 E. Washington Street, Rm. 239**
**Greenville, South Carolina 29601**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).